## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DARRYL JAMES MCGLAMRY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-143 (GK) |
| | ) | |
| HARLEY G. LAPPIN, et al., | ) | |
| | ) | |
| Respondents. | ) | **CV206-119** |

## MEMORANDUM OPINION

Petitioner, proceeding *pro se*, is an inmate at the Federal Correctional Institution-Elkton ("FCI-Elkton") in Lisbon, Ohio. In this action, Petitioner challenges the findings and sanctions imposed at a prison disciplinary hearing. He alleges that the Bureau of Prisons ("BOP") has violated the Administrative Procedure Act, 5 U.S.C. § 701, *et seq.* Petitioner seeks a declaratory judgment pursuant to 28 U.S.C. § 2201, an expungement of the disciplinary report, and a transfer to a lower security level prison.[1]

Respondents have filed a motion to transfer the case and Petitioner his opposition. Because the Court concludes that this district is the improper venue, the Respondents' motion will be granted and the case transferred.

_____

[1] Petitioner's complaint also cites the habeas corpus statute, 28 U.S.C. § 2241. Habeas corpus is the exclusive remedy for a federal prisoner bringing a claim that would have a "probabilistic impact" upon the duration of his custody. *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 809 (D.C. Cir. 1988)(en banc); *see also Wilkinson v. Dotson*, 124 S.Ct. 1242, 1248 (2005)(habeas is exclusive remedy if success of an action "would necessarily demonstrate the invalidity of confinement or its duration"). Since success on the merits would not affect the length of Petitioner's sentence, the Court will not construe this case as a petition for writ of habeas corpus.

## BACKGROUND

Petitioner was incarcerated at the Federal Correctional Institution in Jesup, Georgia at the time of the events alleged in the complaint. Complaint ("Compl."), ¶ 4. Petitioner alleges that on December 10, 2001, he was placed in administrative detention pending an investigation of prison staff misconduct. *Id.*, p. 3. Petitioner agreed to cooperate in the investigation in exchange for a transfer to a lower security level prison, the Low Custody Correctional Institution in Coleman, Florida ("FCI-Coleman"). *Id.*

As part of the investigation, Petitioner was debriefed by Special Investigative Agent Johnny L. Price. *Id.* Petitioner informed Agent Price that secret files within the UNICOR computer system would document Petitioner's previously undisclosed business relationship with a UNICOR vendor. *Id.* Petitioner alleges that Agent Price guaranteed that this information would not be used as a basis for any later disciplinary action against Petitioner. *Id.*, pp. 3-4. On February 10, 2002, a Special Agent with the Federal Bureau of Investigation ("FBI") interviewed Petitioner regarding his relationship with the vendor. *Id.*, p. 4. According to Petitioner, the FBI concluded that there was no evidence that Petitioner had violated federal criminal law. *Id.*

Petitioner alleges that following the FBI's investigation, on March 4, 2002, Lieutenant Ruley, who was conducting the investigation of prison staff misconduct, requested that the Petitioner execute an affidavit stating that Petitioner had created secret files in the UNICOR computer system. *Id.*, pp. 4-5. On May 14, 2002, Petitioner claims that he was advised that instead of being transferred to FCI-Coleman, he had been designated to FCI-Talledaga. *Id.*, p. 5. In response, Petitioner wrote a letter to the local newspaper detailing the alleged staff misconduct at the prison. *Id.*

The day after writing the letter to the newspaper, Lieutenant Ruley issued an incident report

on Petitioner based on the information about the UNICOR vendor. *Id.* At the disciplinary hearing

that followed, the hearing officer found that Petitioner was guilty of conducting a business inside the

prison. *Id.*, pp. 2, 5.

## DISCUSSION

The Respondents move to transfer on the ground that venue is improper in this district.

Under Title 28 U.S.C. § 1404(a) a court may transfer a case to any other district where it might have

been brought "[f]or the convenience of parties and witnesses, in the interests of justice." In

considering whether transfer would be proper, the court considers the following factors:

> [T]he convenience of the witnesses of plaintiff and defendant; ease of access to sources of
> proof; availability of compulsory processes to compel the attendance of unwilling witnesses;
> the amount of expense for the willing witnesses; the relative congestion of the calendars of
> potential transferor and transferee courts; and other practical aspects of expeditiously and
> conveniently conducting a trial.

*SEC v. Page Airways*, 464 F.Supp. 461, 463 (D.D.C. 1978).

Even though a court should typically give deference to a party's forum choice, it need give

substantially less deference when the forum preferred by the petitioner is not his home forum. *Piper*

*Aircraft v. Reyno*, 454 U.S. 235, 255-56 (1981); *Boers v. United States*, 133 F.Supp.2d 64, 65

(D.D.C. 2001). Moreover, "there is certainly no reason why all cases involving the construction or

constitutionality of a federal statute should be litigated in the District of Columbia." *Starnes v.*

*McGuire*, 512 F.2d 918, 925 n.7 (D.C. Cir. 1974)(en banc).

Petitioner is challenging the disciplinary hearing process and the BOP's failure to abide by

its agreement to transfer him to a lower security level institution. These events occurred at FCI-

Jessup. The remedies sought by Plaintiff are the expungement of the disciplinary report and a

transfer. Decisions on these issues would be in the authority and discretion of the Warden at FCI-

Jessup. All of the relevant witnesses would be prison staff at that institution.

Additional factors support a transfer from this district. This case does not involve an issue of national policy which would require the testimony of high-level agency officials in Washington, D.C. *See Starnes*, 512 F.2d at 932-33. The fact that the District of Columbia has no apparent connection to this case aside from being the capital of the United States supports a transfer of venue. *See Boers*, 133 F.Supp.2d at 66. For these reasons, the proper venue for this action is the United States District Court for the Southern District of Georgia.

## CONCLUSION

Based on the foregoing, the Respondents' motion will be granted and the case ordered transferred to the United States District Court for the Middle District of Florida. A separate order accompanies this Memorandum Opinion.

/s/
GLADYS KESSLER
United States District Judge

Dated: May 18, 2006

-4-