IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

DARRYL JAMES McGLAMRY,

    Petitioner,

vs.    CIVIL ACTION NO.: CV206-119

HARLEY G. LAPPIN, and BUREAU
OF PRISONS,

    Respondents.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently incarcerated at the Federal Correctional Institution-Elkton in Lisbon, Ohio, originally filed the instant cause of action pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of Columbia. That court transferred the case to this Court after determining that, even if Plaintiff were to succeed on the merits of his claims, the length of his sentence would not be affected; accordingly, Plaintiff's pleading was not characterized as a petition for writ of habeas corpus. (Doc. No. 12, p. 1 n.1.) Plaintiff challenges the findings and sanctions imposed during a disciplinary hearing conducted while he was incarcerated at the Federal Correctional Institution in Jesup, Georgia. Thus, his cause of action is appropriately characterized as being brought pursuant to 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971).

A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. 28 U.S.C. § 1915(g) of the PLRA provides:

AO 72A
(Rev. 8/82)

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

A review of Plaintiff's history of filings reveals that he has brought at least three cases or appeals which were dismissed and count as strikes under § 1915(g): (1) McGlamry v. Wooten, CV296-8 (S.D. Ga. Dec. 4, 1996) (dismissed for failure to exhaust administrative remedies[1]); (2) McGlamry v. Lappin, 1:03-CV-2619-RMC (D.C. Dec. 22, 2004) (dismissed for failure to state a claim); and (3) McGlamry v. Lappin, 05-5019 (11th Cir. Aug. 26, 2005) (appeal dismissed for failure to state a claim).

The Eleventh Circuit upheld the constitutionality of section 1915(g) in Rivera v. Allin, 144 F.3d 719 (11th Cir. 1998). In so doing, the Court concluded that section 1915(g) does not violate an inmate's rights to access to the courts, to due process of law, or to equal protection, or the doctrine of separation of powers. Id. at 721-27. Because Plaintiff has filed three previously dismissed cases or appeals which qualify as strikes under section 1915(g), Plaintiff may not proceed in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception to § 1915(g).

Plaintiff cannot claim that he should be excused from prepaying the filing fee because of the "imminent danger of serious physical injury" exception to § 1915(g). In order to come within the imminent danger exception, the inmate must be in imminent

---

[1] Dismissal of a prior suit for failure to exhaust administrative remedies counts as a strike under § 1915(g). Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998).

danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). As noted by the Court, "a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed . . . pursuant to the imminent danger exception to the statute." Id. at 1193.

In his Complaint, Plaintiff alleges that he was charged with violating a rule prohibiting an inmate from conducting a business while incarcerated. Plaintiff contends that a disciplinary hearing was conducted, he was found guilty of the charge, and sanctions were imposed. Plaintiff asserts that Defendants violated the Administrative Procedures Act, 5 U.S.C. § 701, et seq. Plaintiff seeks a declaratory judgment pursuant to 28 U.S.C. § 2201, the expungement of the disciplinary report, and a transfer to a lower security level prison.

Plaintiff has not shown that he was in imminent danger of serious physical injury at the time he filed his Complaint, which was filed in the District of Columbia on January 26, 2006. Plaintiff's Complaint should be **DISMISSED**, without prejudice. If Plaintiff wishes to proceed with this action, he should be required to resubmit his complaint along with the full $350.00 filing fee.

SO REPORTED and RECOMMENDED, this 20th day of June, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

3

AO 72A
(Rev. 8/82)